UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOOD CANAL SAND AND GRAVEL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL D. BRADY, et al., <br><br> Defendants. | CASE NO. C14-5620 BHS <br><br> ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court on Defendants Peter Goldmark, Washington State Department of Natural Resources, and State of Washington's ("State Defendants") motions to dismiss (C14-5620, Dkt. 10; C14-5662, Dkt. 9).[1] The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the files and hereby grants the motions for the reasons stated herein.

---

[1] State Defendants filed an almost identical motion to dismiss in this suit's companion action. *See* C14-5662, Dkt. 9. Both suits involve the same parties and essentially the same issues. In order to conserve judicial resources, the Court addresses both motions in this order, which will be filed in each of the cases. Unless otherwise noted, the Court refers to the pleadings in C14-5620.

ORDER - 1

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 7, 2014, State Defendants granted an easement to the United States Navy for portions of state-owned aquatic lands located on the bed of the Hood Canal ("bedlands"). Dkt. 8 at 2. Plaintiff Hood Canal Sand and Gravel, LLC ("Hood Canal") owns property adjacent to the bedlands. *Id.* The easement blocks Hood Canal's ability to construct a pier. *Id.* at 9.

On August 4, 2014, Hood Canal filed suit ("original case") against State Defendants, as well as Defendants Michael Brady, Ray Mabus, Department of the Navy, and the United States of America ("Federal Defendants"). Dkt. 1. Hood Canal alleges that State Defendants violated federal and state law by granting the easement to Federal Defendants. *See* Dkt. 8 at 2. Hood Canal seeks a declaratory judgment that the easement is invalid. *Id.* at 25. Hood Canal also seeks injunctive relief prohibiting State Defendants from enforcing the easement. *Id.* at 26.

On August 5, 2014, Hood Canal filed a nearly identical suit in Jefferson County Superior Court against State Defendants and Federal Defendants. C14-5662, Dkt. 1, Ex. A. On August 20, 2014, Federal Defendants removed the action to this Court ("removed case"). C14-5662, Dkt. 1. State Defendants did not consent to removal. C14-5662, Dkt. 9 at 2.

On August 21, 2014, Hood Canal amended its complaint in the original case to add claims against Federal Defendants under the National Environmental Policy Act. Dkt. 8 at 11–12.

1  On August 27, 2014, State Defendants moved to dismiss Hood Canal's claims
2  under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 10; C14-5662, Dkt. 9.  On
3  September 15, 2014, Hood Canal responded.  Dkt. 12; C14-5662, Dkt. 11.  On September
4  19, 2014, State Defendants replied.  Dkt. 14; C14-5662, Dkt. 13.

## II. DISCUSSION

Hood Canal alleges various state and federal claims against State Defendants.  *See* Dkt. 8.  State Defendants argue that Hood Canal's claims should be dismissed under Rule 12(b)(6) because State Defendants are entitled to Eleventh Amendment immunity.  Dkt. 10 at 2.

### A.  Failure to State a Claim

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations, but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

1  B.     **State Defendants' Motion to Dismiss**

2         **1.     Claims Against State of Washington and Washington Department of Natural Resources**

State Defendants argue that the Eleventh Amendment bars Hood Canal's claims against the State of Washington ("State") and the Washington Department of Natural Resources ("DNR"). Dkt. 10 at 3. In response, Hood Canal argues that the State waived its Eleventh Amendment immunity by entering into the easement with Federal Defendants. Dkt. 12 at 4.

The Eleventh Amendment to the United States Constitution bars a private party from suing a state in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment also bars suits against state agencies and departments. *Id.*

There are exceptions to a state's Eleventh Amendment immunity. For example, a state may waive its immunity from suit in federal court. *Hans v. Louisiana*, 134 U.S. 1, 17 (1890). "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999). Additionally, Congress may abrogate a state's immunity in certain circumstances. *Dullmuth v. Muth*, 491 U.S. 223, 227–28 (1985). To do so, Congress must make "its intention unmistakably clear." *Id.* at 228 (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)).

None of these exceptions are present here. The State has not waived its Eleventh Amendment immunity in the original case or the removed case. *See Rains v. State*, 100

Wn.2d 660 (1983); *see also Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998) ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim[s]."). Moreover, Hood Canal is not suing State Defendants under any federal law that abrogates the State's immunity. Hood Canal brings federal claims against State Defendants under 42 U.S.C. § 1983. *See* Dkt. 8 at 20–22. Congress, however, did not abrogate the State's Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341–45 (1979).

Hood Canal nevertheless argues that the State waived its Eleventh Amendment immunity by entering into the easement with Federal Defendants. Dkt. 12 at 4. Under the terms of the easement, "the Government shall be entitled to bring an action and obtain appropriate relief in law or equity in a court of competent jurisdiction . . . ." Dkt. 13, Declaration of Svend A. Brandt-Erichsen ("Brandt-Erichsen Dec."), Ex. A at 6. The easement defines "Government" as the "United States of America, acting by and through the Department of the Navy . . . ." *Id.* at 2. The easement does not define "court of competent jurisdiction." *See id.*

The easement does not unequivocally indicate that the State waived its Eleventh Amendment immunity. The language cited by Hood Canal does not explicitly permit a private party to sue the State in federal court. Rather, the easement provides that the United States is entitled to bring an action in a court of competent jurisdiction. *See id.* at 6. Hood Canal, however, is not the United States. Moreover, the easement does not define "court of competent jurisdiction" as a federal court. *See, e.g., Kimel v. Fla. Bd. of*

1  *Regents*, 528 U.S. 62, 75–76 (2000).  Accordingly, the State did not waive its Eleventh

2  Amendment immunity by entering into the easement with Federal Defendants.

3        Hood Canal's claims against the State and DNR are barred by the Eleventh

4  Amendment.  The Court grants State Defendants' motion on this issue.

5        **2.     Claims Against Peter Goldmark**

6        State Defendants also argue that the Eleventh Amendment bars Hood Canal's

7  claims against Washington State Commissioner of Public Lands Peter Goldmark

8  ("Goldmark"), who is being sued in his official capacity.  Dkt. 10 at 6.  State Defendants

9  contend that Hood Canal's claims implicate the State's sovereign interests in the bedlands

10 under *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997).  *Id.* at 8.  In response, Hood

11 Canal argues that its claims against Goldmark are permissible under *Ex parte Young*, 209

12 U.S. 123 (1908).  Dkt. 12 at 6.  Hood Canal also argues that its claims fall under *United*

13 *States v. Lee*, 106 U.S. 196 (1882), and *Malone v. Bowdoin*, 369 U.S. 643 (1962).  *Id.* at

14 2.

15       In *Ex parte Young*, the Supreme Court recognized an exception to Eleventh

16 Amendment immunity.  The Court held that the Eleventh Amendment does not bar suits

17 for prospective injunctive relief against state officers, sued in their official capacities, to

18 enjoin an alleged ongoing violation of federal law.  *Ex parte Young*, 209 U.S. at 155–56.

19 To determine whether *Ex parte Young* applies, a court generally "need only conduct a

20 straightforward inquiry into whether the complaint alleges an ongoing violation of federal

21 law and seeks relief properly characterized as prospective."  *Verizon Md., Inc. v. Pub.*

22

1  *Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citations and internal quotation marks

2  omitted).

3  "Not all actions that solely seek prospective relief against state officials fall within

4  the [*Ex parte*] *Young* exception, however." *Lacano Invs., LLC v. Balash*, 765 F.3d 1068,

5  1072 (9th Cir. 2014) (citing *Coeur d'Alene*, 521 U.S. 261). In *Coeur d'Alene*, the

6  Supreme Court addressed a "unique and narrow exception" to *Ex parte Young*. *Id.* at

7  1074 (internal quotation marks omitted). The Court held that *Ex parte Young* does not

8  apply when a plaintiff's suit is the "functional equivalent of a quiet title action which

9  implicates special sovereignty interests." *Coeur d'Alene*, 521 U.S. at 281.

10  *Coeur d'Alene* involved an action by the Coeur d'Alene Tribe against the State of

11  Idaho and various state officials to establish the Tribe's ownership over submerged lands.

12  *Id.* at 264–65. The Tribe sought a declaratory judgment establishing its right to use and

13  occupy the land, as well as an injunction prohibiting Idaho from infringing upon the

14  Tribe's rights to the land. *Id.* at 265. The Court determined that the Tribe's requested

15  relief amounted to a quiet title action that implicated Idaho's sovereignty interests. *Id.* at

16  281. In its decision, the Court emphasized that a state's ownership of submerged lands is

17  "an essential attribute of sovereignty." *Id.* at 283. As the Court explained, "[t]he

18  requested injunctive relief would bar the State's principal officers from exercising their

19  governmental powers and authority over the disputed lands and waters." *Id.* at 282. The

20  Court therefore held that the Eleventh Amendment barred the Tribe's claims. *Id.* at 287–

21  88.

22

Hood Canal argues that its claims against Goldmark do not fall under *Coeur d'Alene*. Dkt. 12 at 12. Hood Canal contends that it is not contesting the State's ownership or jurisdiction over the bedlands. *Id.* According to Hood Canal, it "merely seeks to require Defendant Goldmark to administer the bedlands adjacent to [Hood Canal's] property in compliance with federal and state law." *Id.*

Although Hood Canal attempts to argue otherwise, Hood Canal's claims implicate the State's sovereignty interests in the bedlands. Hood Canal seeks declaratory and injunctive relief that would prevent the State from enforcing the easement. *See* Dkt. 8 at 25–26. Hood Canal's requested relief would therefore prevent the State's officers from exercising their authority over the bedlands. *See Coeur d'Alene*, 521 U.S. at 282. Indeed, Hood Canal's suit "implicates the exact issues of *Coeur d'Alene* itself, namely . . . the state's control over submerged lands." *Lacano Invs.*, 765 F.3d at 1074 (citations and internal quotation marks omitted).

Finally, Hood Canal argues that its claims against Goldmark are permissible under *Lee* and *Malone*. Dkt. 12 at 2. Hood Canal contends that it seeks to recover its priority right to lease the bedlands. *Id.* at 18. According to Hood Canal, Goldmark's ultra vires and unconstitutional actions deprived Hood Canal of this right. *Id.*

In *Lee* and *Malone*, private plaintiffs sued to recover possession of land that had been seized by the federal government. *See Lee*, 106 U.S. at 197; *Malone*, 369 U.S. at 644. In both cases, the Supreme Court determined that sovereign immunity did not bar plaintiffs' suits. *See Lee*, 106 U.S. at 208–09; *Malone*, 369 U.S. at 648.

In light of *Lee* and *Malone*, the Ninth Circuit has held that "the Eleventh Amendment does not bar a request for the return of a plaintiff's property if the complaint alleges that state officials acted either *ultra vires* or unconstitutionally." *Suever v. Connell*, 439 F.3d 1142, 1143 (9th Cir. 2006) (citing *Taylor v. Westly*, 402 F.3d 924, 932–35 (9th Cir. 2005)).  Under this framework, the Ninth Circuit has determined that the Eleventh Amendment does not bar a suit to recover seized property in the State's possession or funds held by the State arising from the sale of seized property.  *See, e.g.*, *id.* at 1146–47; *Taylor*, 402 F.3d at 931.

The *Lee* and *Malone* line of cases is inapplicable here.  Hood Canal does not seek to recover private property that has been seized by the State.  *See, e.g.*, *Suever*, 439 F.3d at 1146–47; *Taylor*, 402 F.3d at 931.  Rather, Hood Canal challenges the State's authority to grant an easement for state-owned bedlands to Federal Defendants.  *See* Dkt. 8. Moreover, Hood Canal does not have a "priority right" to lease the bedlands.  Under RCW 79.130.010, the DNR "may lease to the abutting tidelands or shorelands owner or lessee, the beds of navigable waters . . . ." RCW 79.130.010.  The DNR, however, is not required to do so.  *See id.*  Accordingly, Hood Canal's claims do not fall under *Lee* and *Malone*.

For these reasons, the Eleventh Amendment bars Hood Canal's claims against Goldmark.  The Court grants State Defendants' motion on this issue.

### 3. Disposition of Claims

State Defendants argue that Hood Canal's claims against State Defendants should be dismissed in both cases.  *See* C14-5662, Dkt. 13 at 8.  Hood Canal argues that any

claims barred by the Eleventh Amendment in the removed case should be remanded to state court. C14-5662, Dkt. 11 at 18.

"[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121. Accordingly, "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Id.*

In the original case, dismissal of Hood Canal's claims against State Defendants is appropriate. A federal court may dismiss section 1983 claims against states, state agencies, and state officers in their official capacities because they are not "persons" under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kruse v. State of Hawaii*, 68 F.3d 331, 334 n.2 (9th Cir. 1995). Accordingly, Hood Canal's section 1983 claims against State Defendants are dismissed with prejudice. Hood Canal's section 1988 claims based on section 1983 are also dismissed with prejudice. All remaining claims against State Defendants are dismissed without prejudice.

In the removed case, Hood Canal's section 1983 and 1988 claims against State Defendants are dismissed with prejudice. *See Will*, 491 U.S. at 71. All remaining claims against State Defendants are remanded. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–53 (1988).

Finally, Hood Canal shall file amended complaints in both cases.

## III. ORDER

Therefore, it is hereby **ORDERED** that State Defendants' motions to dismiss (C14-5620, Dkt. 10; C14-5662, Dkt. 9) are **GRANTED**.

In C14-5620, Hood Canal's section 1983 and 1988 claims are **DISMISSED with prejudice**. All remaining claims against State Defendants are **DISMISSED without prejudice**.

In C14-5662, Hood Canal's section 1983 and 1988 claims are **DISMISSED with prejudice**. All remaining claims against State Defendants are **REMANDED** to Jefferson County Superior Court.

Hood Canal shall file amended complaints in both actions.

Dated this 22nd day of October, 2014.

BENJAMIN H. SETTLE
United States District Judge