UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOOD CANAL SAND AND GRAVEL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. BRADY, et al.,<br><br>Defendants. | CASE NO. C14-5620 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Michael Brady, Ray Mabus, the Department of Navy, and the United States of America's ("Federal Defendants") motion to dismiss (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part, denies it in part, and grants leave to amend for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 7, 2014, the United States Navy purchased an easement from the State of Washington. Dkt. 23 ("Comp.") ¶¶ 1, 35. The easement encompasses portions of state-owned aquatic lands located on the bed of the Hood Canal ("bedlands"). *Id.* ¶ 1. Plaintiff Hood Canal Sand and Gravel, LLC ("Hood Canal") owns property adjacent to the bedlands. *Id.* ¶ 2. Although the easement does not physically encroach on Hood Canal's property, the easement blocks Hood Canal's ability to construct a pier. *Id.* ¶ 37.

On August 4, 2014, Hood Canal filed suit in this Court ("instant action") against Federal Defendants, as well as Defendants Peter Goldmark, Washington State Department of Natural Resources, and State of Washington ("State Defendants"). Dkt. 1. On August 5, 2014, Hood Canal filed a nearly identical suit in Jefferson County Superior Court, which Federal Defendants removed to this Court ("removed action"). C14-5662, Dkt. 1.

On August 27, 2014, State Defendants filed motions to dismiss in both actions. Dkt. 10. On October 22, 2014, the Court granted State Defendants' motions to dismiss on Eleventh Amendment immunity grounds. Dkt. 20. The Court dismissed all claims against State Defendants in the instant action and remanded the state claims against State Defendants in the removed action. *Id.*

On November 6, 2014, Hood Canal filed a second amended complaint against Federal Defendants in the instant action. Comp. Hood Canal alleges claims under (1) the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a; (2) the Administrative Procedure Act ("APA"), 5 U.S.C. § 701; (3) the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201;

and (4) Washington state law. *Id.* Hood Canal seeks a declaratory judgment that the easement is invalid. *Id.* Hood Canal also seeks injunctive relief preventing Federal Defendants from enforcing the easement. *Id.*

On February 12, 2015, Federal Defendants moved to dismiss under Federal Rules of Civil Procedure 12(c) and 12(h)(3). Dkt. 29. On March 2, 2015, Hood Canal responded. Dkt. 30. On March 6, 2015, Federal Defendants replied. Dkt. 32.

## II. DISCUSSION

Federal Defendants seek to dismiss all of Hood Canal's claims for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 29.

**A.     Rule 12(h)(3)**

Challenges to a federal court's subject matter jurisdiction "may be raised by the parties at any time pursuant to [Rule] 12(h)(3) . . . ." *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983). Like a motion under Rule 12(b)(1), a Rule 12(h)(3) jurisdictional challenge can be either facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* The burden falls on the plaintiff to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1993).

## B. Rule 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim: "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.* The Court, however, is not required to accept as true mere legal conclusions unsupported by alleged facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## C. QTA Claim

Hood Canal brings a claim under the QTA, alleging that it has a right under state law to lease the bedlands adjacent to its property. Comp. ¶¶ 56–62. Federal Defendants argue that Hood Canal's QTA claim should be dismissed for lack of subject matter jurisdiction because Hood Canal does not have a property interest in the bedlands. Dkt. 29 at 7.

The QTA provides a limited waiver of federal sovereign immunity for quiet title suits. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2205 (2012). "[T]wo conditions must exist before a district court can exercise jurisdiction over an action under the Quiet Title Act: 1) the United States must claim an interest in the property at issue; and 2) there must be a disputed title to real property between interests of the plaintiff and the United States." *Leisnoi, Inc. v. United States*, 267 F.3d 1019, 1023 (9th Cir. 2001). Under the first requirement, the United States need only claim some interest in the property. *See id.* Under the second requirement, the plaintiff must claim a property interest to which title may be quieted. *See id.*

Here, the parties dispute whether Hood Canal has a sufficient property interest in the bedlands to support its QTA claim. Hood Canal premises its QTA claim on its alleged "right under state law to lease the bedlands adjacent to its property." Comp. ¶ 57. According to Hood Canal, this "right takes precedence over [Federal] Defendants' claim to those bedlands." *Id.*

The Court ruled in its previous order that Hood Canal does not have an absolute right to lease the bedlands. Dkt. 20 at 9. While the Washington Department of Natural Resources may lease the beds of navigable waters to abutting shoreland owners under RCW 79.130.010, the Department is not required to do so. *See id.* (citing RCW 79.130.010). The Court's prior ruling is the law of the case. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). To the extent that Hood Canal raises new arguments that it has a property interest in the bedlands under state law, this Court is not the proper

forum to hear such arguments and, until some interest is established in state court, Hood Canal fails to show a property interest to which title may be quieted.

In sum, Hood Canal currently does not have a property interest in the bedlands. The Court therefore dismisses Hood Canal's QTA claim for lack of subject matter jurisdiction.

**D.     APA Claims**

Hood Canal brings several claims under the APA.  Comp. ¶¶ 47–55, 68–77. Specifically, Hood Canal alleges that: (1) Federal Defendants' decision to purchase the easement was arbitrary and capricious under 10 U.S.C. § 2663(c); (2) Federal Defendants violated Hood Canal's procedural and substantive due process rights; (3) Federal Defendants violated Hood Canal's equal protection rights; (4) Federal Defendants took Hood Canal's property without just compensation; and (5) Federal Defendants violated NEPA's procedural requirements.  *Id.*  Federal Defendants argue that all of Hood Canal's APA claims should be dismissed for lack of subject matter jurisdiction because the QTA provides the exclusive means for challenging Federal Defendants' title to the bedlands. Dkt. 29 at 6.

The APA waives federal sovereign immunity for judicial review of a final agency action. *Patchak*, 132 S. Ct. at 2204.  The APA's waiver, however, does not apply "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought" by the plaintiff. *Id.*  Where the QTA applies, it is "the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Id.* at 2207.

For the reasons discussed above, the QTA is inapplicable because Hood Canal does not have a property interest in the bedlands. Thus, the QTA does not bar Hood Canal's APA claims. The Court denies Federal Defendants' motion on this ground.

Federal Defendants nevertheless argue that Hood Canal's due process, equal protection, uncompensated taking, and NEPA claims are subject to dismissal for additional reasons. Dkt. 29 at 6. The Court will address each of these claims in turn.

### 1. Due Process

Hood Canal alleges that Federal Defendants violated Hood Canal's procedural and substantive due process rights by purchasing the easement. Comp. ¶¶ 68–73. Federal Defendants contend that Hood Canal fails to state a due process claim. Dkt. 29 at 10.

In order to state a procedural or substantive due process claim, Hood Canal must allege that it has been deprived of a constitutionally protected liberty or property interest. *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1019 (9th Cir. 2011). Hood Canal premises its due process claims on its alleged property interest in the bedlands. Comp. ¶ 68. As discussed above, Hood Canal has failed to show a current property interest in the bedlands. The Court dismisses Hood Canal's due process claims.

### 2. Equal Protection

Hood Canal also alleges that Federal Defendants violated Hood Canal's equal protection rights because the easement expressly excludes from its restrictions "a number of pending leases and a pending easement, but fails to expressly [exclude] the bedlands that are subject to [Hood Canal's] interest." *Id.* ¶ 70. Federal Defendants argue that Hood Canal has not sufficiently alleged an equal protection violation. Dkt. 29 at 16–17.

ORDER - 7

Hood Canal does not allege any class-based discrimination, but instead claims that it has been singled out by Federal Defendants. *See* Comp. ¶ 70. Accordingly, Hood Canal's equal protection claim is a "class of one" claim. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) ("[A]n equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'"). To state a class of one claim, Hood Canal must allege that Federal Defendants "intentionally treated [Hood Canal] differently from others similarly situated and that there is no rational basis for the difference in treatments." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Hood Canal's class of one claim is deficient for two reasons. First, Hood Canal does not allege that Federal Defendants intentionally treated Hood Canal differently from others. Additionally, Hood Canal does not allege that those exempted from the easement's restrictions are "similarly situated" to Hood Canal. Because Hood Canal fails to sufficiently allege an equal protection claim, the Court dismisses this claim without prejudice.

**3.  Uncompensated Taking**

Next, Hood Canal asserts that Federal Defendants took Hood Canal's property without compensation in violation of the Fifth Amendment. Comp. ¶¶ 71–73. Federal Defendants argue that this claim fails because Hood Canal has not been deprived of a protected property interest. Dkt. 29 at 15.

The takings clause of the Fifth Amendment provides that private property shall not be taken for public use without just compensation. U.S. Const. amend. V. Hood Canal's takings claim suffers from the same defect as its due process claims: Hood Canal has failed to show a current property interest in the bedlands. Additionally, Hood Canal's only remedy under the takings clause is monetary compensation. *Clouse v. Espy*, 42 F.3d 1522, 1539 (9th Cir. 1994). Hood Canal, however, seeks declaratory and injunctive relief rather than monetary relief. Accordingly, the Court dismisses Hood Canal's takings claim.

### 4. NEPA

Hood Canal alleges that Federal Defendants violated NEPA by failing to prepare an environmental impact statement before purchasing the easement. Comp. ¶¶ 75–77. Federal Defendants assert that Hood Canal's NEPA claim should be dismissed for lack of statutory standing because Hood Canal has not alleged any injury to the environment. Dkt. 29 at 21.

"To have standing to sue under the Administrative Procedure Act, a plaintiff's alleged injury must be within the zone of interests protected by the statute allegedly violated." *Fair v. EPA*, 795 F.2d 851, 854 (9th Cir. 1986). NEPA is a procedural statute that was enacted "to protect the environment, not the economic interests of those adversely affected by agency decisions." *Nev. Land Action Ass'n v. U.S. Forest Serv.*, 8 F.3d 713, 716 (9th Cir. 1993). "Thus, to assert a claim under NEPA, a plaintiff must allege injury to the environment; economic injury will not suffice." *Ranchers Cattleman*

*Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1103 (9th Cir. 2005).

Here, Hood Canal does not allege any injury to the environment in its amended complaint. Because Hood Canal has failed to allege an injury within NEPA's zone of interests, Hood Canal lacks statutory standing to bring a NEPA claim.[1] The Court dismisses this claim without prejudice.

**E.     DJA Claims**

Finally, Hood Canal asserts two declaratory relief claims under the DJA. Comp. ¶¶ 63–67, 78–94. Hood Canal's third claim seeks a declaration that Hood Canal's planned pier project is not inconsistent with the purposes of the easement, as well as an injunction enjoining Federal Defendants from enforcing the easement. *Id.* ¶ 67. Hood Canal's sixth claim seeks a declaration that Federal Defendants have no enforceable rights under the easement because the State of Washington was not legally authorized to grant the easement to Federal Defendants. *Id.* ¶ 79.

Under federal law, declaratory relief is a remedy, not a claim. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382–83 (9th Cir. 1988) ("The Declaratory Judgment Act merely creates a remedy in cases otherwise

---

[1] Federal Defendants do not address Hood Canal's first APA claim, which alleges that Federal Defendants' acquisition of the easement violated 10 U.S.C. § 2663(c). Comp. ¶¶ 47–55. In order to have standing to sue under the APA, Hood Canal's alleged injury must be within the zone of interests protected by section 2663(c). *See Fair*, 795 F.2d at 854. Section 2663(c) provides that the Secretary of a military department may acquire an interest in land that is needed for national defense. 10 U.S.C. § 2663(c). This claim survives the instant motion because Federal Defendants do not independently address it and the Court declines to *sua sponte* dismiss it.

within the court's jurisdiction; it does not constitute an independent basis for jurisdiction."). Thus, Hood Canal's declaratory relief claims are not valid causes of action. In order to obtain declaratory relief, Hood Canal must succeed on a claim within the Court's jurisdiction. *Id.* The Court dismisses Hood Canal's third and sixth claims.

**F.    Leave to Amend**

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). Although Rule 12(c) does not mention leave to amend, courts may grant a motion for judgment on the pleadings with leave to amend. *Sprint Telephony PCS, L.P. v. Cnty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004); *Moran v. Peralta Cmty. College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993). Dismissal with leave to amend is appropriate if the pleadings may be cured by further amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, the Court finds that Hood Canal's QTA, due process, uncompensated taking, and DJA claims cannot be cured by amendment. However, it appears possible that Hood Canal could cure the defects in its remaining claims by providing additional allegations. The Court therefore grants Hood Canal leave to amend its equal protection and NEPA claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Federal Defendants' motion to dismiss (Dkt. 29) is **GRANTED in part** and **DENIED in part**. Hood Canal is **GRANTED**

1  **leave to amend** its complaint as stated herein. Hood Canal shall file an amended

2  complaint no later than April 24, 2015.

3      Dated this 13th day of April, 2015.

5  BENJAMIN H. SETTLE
United States District Judge